## Statement of the Case.

Action of forcible detainer by Henry J. Beer, plaintiff, against Maud A. Strode, William Strode and A. J. Hastings, defendants, in the Circuit Court of Cook county. From a judgment for plaintiff for possession and for costs, defendants appealed. But one defendant having signed the appeal bond, plaintiff moved to dismiss the appeal.

SABATH, STAFFORD & SABATH, for appellant.

GEORGE F. BORMAN, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 657*—*when bond signed by one of several appellants insufficient.* Where an appeal to the Appellate Court is prayed by three defendants and allowed by the Circuit Court upon said defendants filing an appeal bond, a bond signed by only one of the appellants who prayed and were allowed the appeal is defective, and the appeal will be dismissed on motion of appellee, as the right of appeal is purely statutory and appellants must strictly comply with the order of the court granting the appeal, in order to entitle themselves to the right.

---

## National Bank of Commerce, Appellee, v. Norman W. Church, Appellant.

### Gen. No. 22,029.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Appeal dismissed. Opinion filed November 9, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Doyle et. al. v. Considine, 195 Ill. App. 311.

## Statement of the Case.

Action by the National Bank of Commerce, a corporation, plaintiff, against Norman W. Church, defendant, in the Municipal Court of Chicago. From a judgment for plaintiff for $10,817.33, defendant appeals. Plaintiff moves to dismiss the appeal on the ground that the appeal bond was not filed in time.

DUNNE & MURPHY, for appellant.

ROSENTHAL & HAMILL, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 671*—*when bond filed after time insufficient.* An appeal bond filed and approved after the time limited for such filing by the order granting the appeal is a nullity, and the appeal must be dismissed unless the judge granting the appeal shall before the expiration of the filing time make an order extending the time, as on the expiration of such time for appeal without an order extending the time, the court loses jurisdiction of an appeal in the cause.

---

William J. Doyle and James A. Doyle, Defendants in Error, v. John P. Considine, Plaintiff in Error.

Gen. No. 20,732.

1. BILLS AND NOTES, § 334*—*when indorsee may sue in own name.* A suit may be brought in his own name on a promissory note by an indorsee who received it in due course, for value and before maturity.

2. BILLS AND NOTES, § 118*—*when reference to collateral agreement does not affect negotiability.* A promissory note containing the statement, "This note is given in accordance with a land contract of even date between B and C," is negotiable within the meaning of the Negotiable Instruments Act (Hurd's Rev. St., ch. 98, sec. 21, J. & A. ¶ 7642), which provides that a "promise to pay is unconditional

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.